16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Christopher T. DEAN, Et al. Plaintiffs-Appellants,
v.
SIKORSKY AIRCRAFT, Et al. Defendants-Appellees.
 Nos. 92-6417, 93-5020.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1994.
 
 Before: KEITH and NORRIS, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM:
 
 
 1
 Appellants in this consolidated negligence and product liability action appeal the district court's grant of summary judgment in favor of the Appellees Sikorsky Aircraft ("Sikorsky") and ITT Corporation ("ITT").
 
 
 2
 In 1989, the wives and children of United States Army personnel killed in an aviation accident at Fort Campbell filed five complaints, four in federal district court for the Middle District of Tennessee and one in federal district court for the Northern District of Ohio. The fifth case was later transferred to the Middle District of Tennessee.
 
 
 3
 The complaints alleged that the March 8, 1988 collision of two UH-60A "Black Hawk" helicopters, which resulted in the deaths of United States Army personnel, stemmed from a "defective condition" in the aircraft and the "defectively and negligently designed" night vision goggles worn by the pilots.
 
 
 4
 In March 1990, the cases were consolidated. Subsequently, both Sikorsky and ITT filed motions for summary judgment relying on the federal common law "government contractor" or Boyle defense, as decided by the Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). In March 1992, the district court granted summary judgment in favor of Sikorsky and ITT.
 
 
 5
 In discussing Sikorsky's motion, the district court delivered a well reasoned opinion finding that although three design defects were alleged, the plaintiffs submitted no proof relating to the internal and external lighting defects. The district court devoted the majority of its opinion to the alleged cockpit visibility defect and the application of the Boyle defense to this allegation.
 
 
 6
 Applying Boyle's three pronged test, the district court found: (1) contractual provisions met the first element of Boyle by providing "reasonably precise specifications" as required for construction of the aircraft. The government considered such specifications and, in an exercise of its discretion, approved them; (2) there was no factual dispute whether Sikorsky had fully complied with the second Boyle element as Sikorsky had indisputably manufactured the aircraft in conformance with design drawings; and (3) Sikorsky alerted the government to any design defect of the cockpit, or such defect was independently known to the government.
 
 
 7
 The district court referred ITT's motion to a magistrate judge for consideration. Although the magistrate found all elements of Boyle were satisfied, he recommended ITT's motion be denied. ITT objected to the magistrate's Report and Recommendation on several grounds. The district court adopted the magistrate's finding that ITT met all the elements of the Boyle defense and additionally found the plaintiffs did not plead a cause of action for failure to warn in their complaints. Based on this reasoning, the district court refused to consider a failure to warn cause of action and granted ITT's motion.
 
 
 8
 The Appellants filed a timely notice appealing the district court's granting of summary judgment in favor of both defendants.
 
 
 9
 The Appellants argue that the district court erred in granting both motions for summary judgment. In reference to Sikorsky, the Appellants contend the district court erroneously found the applicable contractual provisions met the "reasonably precise specifications" element of Boyle. Additionally, Appellants assert the district court incorrectly rejected plaintiffs' state law failure to warn claim against ITT.
 
 
 10
 Having carefully conducted a de novo review of the record and of the issues presented at oral argument, we find no error warranting reversal. The district court provided an well reasoned and correct opinion. We, therefore, AFFIRM the judgment by the Honorable Thomas A. Higgins, United States District Judge for the Middle District of Tennessee, for the reasons set forth in his March 3, 1992, Memorandum and Order.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge from the Eastern District of Michigan, sitting by designation